OPINION
Edward Robinson is appealing the judgment of the Montgomery County Court of Common Pleas, which sentenced Mr. Robinson to ten years of incarceration for involuntary manslaughter.
After a jury trial, Mr. Robinson was convicted of involuntary manslaughter, and the trial court imposed a ten year term of imprisonment, the maximum sentence for first degree felonies. R.C.2929.14(A)(1). Mr. Robinson appealed this decision, and in State v. Robinson (Jan. 26, 2001), Montgomery App. No. 17393, unreported, we affirmed Mr. Robinson's conviction, but reversed his sentence because the trial court had failed to enter the findings required under R.C. 2929.14(C) for a maximum prison term. As a result, we remanded the matter to the trial court for re-sentencing in accordance with R.C. 2929.14(C).
Before being re-sentenced, Mr. Robinson filed a motion on February 26, 2001, in which he argued that the trial court could not reimpose the maximum sentence without violating his right to due process and trial by jury. Mr. Robinson argued that, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, the sentencing factors set forth in R.C. 2929.14(C) must be alleged in the charging instrument and proven to the trier of fact beyond a reasonable doubt in order for a maximum sentence to be ordered. The trial court judge overruled the motion from the bench at the re-sentencing hearing and then proceeded to re-sentence Mr. Robinson to the maximum ten year term pursuant to R.C. 2929.14(C). Mr. Robinson has since filed this timely appeal.
Mr. Robinson raises the following as his sole assignment of error:
THE TRIAL COURT ERRED IN IMPOSING A MAXIMUM SENTENCE.
Mr. Robinson argues the trial court could not sentence him to the maximum term of incarceration of ten years because R.C. 2929.14(C) limits a court to ordering the maximum sentence only upon a finding that the offender committed the worst form of the offense, poses the greatest likelihood of committing future crimes, is a major drug offender, or a repeat violent offender; and Apprendi requires this finding to be made by the trier of fact, not the judge as in this case. We disagree. We recently dealt with the same argument in State v. Brown (Jan. 25, 2002), Montgomery App. No. 18643, unreported. We stated in Brown that Apprendi does not mandate that a jury determine whether the offender meets one of the R.C. 2929.14(C) sentencing factors in order for the maximum sentence to be ordered. Therefore, the trial court did not err in sentencing Mr. Robinson to the maximum sentence upon its finding that Mr. Robinson poses the greatest likelihood of committing future crimes. The judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.